UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HOMESITE INSURANCE COMPANY
A/S/O ADAM LONG,

           Plaintiff,

       -v-                  6:23-CV-981

SHENZHEN LEPOWER
INTERNATIONAL ELECTRONICS
CO., LTD.,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                       OF COUNSEL:

METHFESSEL & WERBEL          FREDRIC P. GALLIN, ESQ
Attorneys for Plaintiff
112 West 34th Street, 17th Floor
New York, NY 10120

HENG WANG & ASSOCIATES, P.C.    HENG WENG, ESQ.
Attorneys for Defendant
305 Broadway, 7th Floor
New York, NY 10007

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

**I. INTRODUCTION**

On August 11, 2023, Homesite Insurance Company ("Homesite" or "plaintiff") filed this action in Supreme Court, Oneida County, against Amazon.com, Inc. ("Amazon"). *See* Dkt. No. 2. Thereafter, Amazon removed the action to federal court pursuant to 28 U.S.C. § 1441(b), which authorizes removal of a civil action from state to federal court if diversity of citizenship exists. Dkt. No. 1.

On September 14, 2023, Homesite and Amazon filed a joint stipulation, agreeing to discontinue the claims against Amazon without prejudice and substitute Shenzhen Lepower International Electronics Co., Ltd. ("Lepower" or "defendant") as the party defendant. Dkt. No. 12. In accordance with the parties' joint stipulation, plaintiff filed an amended complaint reflecting the terms of the stipulation. Dkt. No. 13. On September 15, 2023, the parties' joint stipulation was adopted, and plaintiff's amended complaint was accepted. Dkt. Nos. 15, 16. Pursuant to the joint stipulation, defendant was allowed sixty days "to answer or otherwise move." Dkt. No. 12.

On November 11, 2023, Lepower moved to dismiss the amended complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6). Dkt. No. 19. The

motion has been fully briefed and will be considered on the basis of the submissions without oral argument.

## II. BACKGROUND

Homesite is an insurance company duly authorized to issue insurance policies in New York State. Compl. ¶ 1. Adam Long ("Long") is the owner of property located at 1605 Carroll Street, Rome, New York (the "Long property"). *Id.* ¶ 2. Homesite insured the Long property. *Id.* ¶ 3.

Long purchased a First Power replacement battery (the "battery") from Amazon. Compl. ¶ 7. Lepower, a business entity based in Shenzhen, China, manufactured and/or distributed the battery. *Id.* ¶ 9.

On September 18, 2022, the battery caught fire at the Long property. Compl. ¶¶ 4, 12–13. As a result of the fire, a claim was made to Homesite. *Id.* ¶ 5. By virtue of payments made, plaintiff has become subrogated to the rights of its insured. *Id.* ¶ 6.

## III. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the complaint's factual allegations must be enough to elevate the plaintiff's right to relief above the level of speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). So, while legal conclusions can provide a framework for the complaint, they must be supported with meaningful allegations of fact. *Ashcroft v. Iqbal*, 556 U.S.

662, 679 (2009). In short, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## IV. DISCUSSION

Homesite's amended complaint sets forth one cause of action for strict products liability. *See* Compl. ¶ 10–17.

Lepower argues for dismissal of Homesite's amended complaint on the basis that the amended complaint: (1) is vague and does not clearly set forth what theory of liability plaintiff's strict liability claim relies on; and (2) does not sufficiently allege any of the three available theories of strict products liability—design defect, manufacturing defect, or failure to warn. Def.'s Mem., Dkt. No. 19-4 at 7–10.[1] In opposition, plaintiff maintains that the amended complaint should not be dismissed because it sets forth a circumstantial case of a products defect claim under the theory that the battery, "while being charged in the course of regular use, caught fire." Pl.'s Opp'n, Dkt. No. 20 at 4–5.

"Under New York law, a manufacturer who places into the stream of commerce a defective product which causes injury may be held strictly liable." *Reynolds-Sitzer v. EISAI, Inc.*, 586 F. Supp. 3d 123, 129 (N.D.N.Y. 2022) (cleaned up). New York law recognizes three distinct theories of strict

---

[1] Pagination corresponds to CM/ECF.

products liability: (1) a manufacturing defect, which results when a mistake in manufacturing renders a product that is ordinarily safe dangerous so that it causes harm; (2) a design defect, which results when the product as designed is unreasonably dangerous for its intended use; and (3) a warning defect, which occurs when the inadequacy or failure to warn of a reasonably foreseeable risk accompanying a product causes harm. *Id.* (citing *McCarthy v. Olin Corp.*, 119 F.3d 148, 154–55 (2d Cir. 1997)).

For the following reasons, Homesite has failed to sufficiently plead a strict products liability claim under any of the three available theories of liability.

### A. Manufacturing Defect

To state a claim for strict products liability based on a manufacturing defect, "the plaintiff must allege that (1) the product was defective due to an error in the manufacturing process and (2) the defect was the proximate cause of plaintiff's injury." *Hunter v. Shanghai Huangzhou Elec. Appliance Mfg. Co.*, 505 F. Supp. 3d 137, 154 (N.D.N.Y. 2020) (cleaned up). "[A] manufacturing flaw exists when the unit in question deviates in quality and other performance standards from all of the other identical units." *Trask v. Carbon Prod., Inc.*, --F. Supp. 3d--, 2023 WL 4107967, at *5 (W.D.N.Y. June 21, 2023) (citing *Colon ex rel. Molina v. BIC USA, Inc.*, 199 F. Supp. 2d 53, 85 (S.D.N.Y. 2001)). "By extension, of course, 'a claim devoid of allegations that

a particular unit differed when compared to others in the same product line will be dismissed.'" *Scism v. Ethicon, Inc.*, 2020 WL 1245349, at *4 (N.D.N.Y. Mar. 16, 2020) (quoting *Oden v. Bos. Sci. Corp.*, 330 F. Supp. 3d 877, 890 (E.D.N.Y. 2018)).

Upon review, Homesite has failed to sufficiently allege a manufacturing defect. Critically, plaintiff has not alleged that the battery differed in any way from its design due to an error in the manufacturing process. As a result, plaintiff's allegations are inadequate. *See Krulewich v. Covidien, LP*, 498 F. Supp. 3d 566, 574–75 (S.D.N.Y. 2020) (dismissing manufacturing defect theory of liability where the plaintiff failed to allege that the product was defective due to a specific problem in the manufacturing process that rendered the product different from all other products manufactured by the defendant). Thus, plaintiff's strict products liability claim, to the extent it is based on a manufacturing defect, shall be dismissed.[2]

---

[2] To be clear, "[i]dentifying a specific manufacturing defect . . . is not always required: 'it is well-settled that a plaintiff may rely upon the circumstances of an accident to prove the existence of a manufacturing defect if the product did not perform as intended and the possibility of other causes has been excluded.'" *Hunter*, 505 F. Supp. 3d at 154 (quoting *Williamson v. Stryker Corp.*, 2013 WL 3833081, at *5 (S.D.N.Y. July 23, 2013)). Nevertheless, Homesite's conclusory allegations are insufficient to amount to circumstantial evidence of a manufacturing defect. *See Krulewich*, 498 F. Supp. 3d at 574–75.

## B. <u>Design Defect</u>

"A defectively designed product is one which, at the time it leaves the seller's hands, is in a condition not reasonably contemplated by the ultimate consumer and is unreasonably dangerous for its intended use; that is one whose utility does not outweigh the danger inherent in its introduction into the stream of commerce." *Bausenwein v. Snap-On Inc.*, 529 F. Supp. 3d 31, 38 (N.D.N.Y. 2021). "To adequately plead a design defect, a plaintiff must show: (1) the product as designed posed a substantial likelihood of harm; (2) it was feasible to design the product in a safer manner; and (3) the defective design was a substantial factor in causing the plaintiff's injury." *Reynolds-Sitzer*, 586 F. Supp. 3d at 129–30 (citing *Scism*, 2020 WL 1245349, at *4).

Measured against this standard, Homesite has failed to plausibly allege a design defect. Plaintiff has not alleged how the battery was defective in its design. Nor has plaintiff alleged the existence of a feasible alternative design. Absent more specific allegations, plaintiff has failed to sufficiently plead a defective design. *See Oden*, 330 F. Supp. 3d at 888–89 (dismissing design defect theory of liability where the plaintiff failed to identify "a specific component or particularized issue with the design itself," and "plead the existence of a feasible alternative design"). Accordingly, plaintiff's strict

products liability claim, to the extent it relies on a design defect, shall be dismissed.

### C. <u>Failure to Warn</u>

To state a claim for a strict product liability claim based on a failure to warn, a plaintiff must allege plausibly that "(1) a manufacturer has a duty to warn (2) against dangers resulting from foreseeable uses about which it knew of should have known, and (3) that failure to do so was the proximate cause of the harm.'" *State Farm Fire & Cas. Co. v. Nutone, Inc.*, 426 F. App'x 8, 10 (2d Cir. 2011) (summary order). "At the motion to dismiss phase, a plaintiff must plead facts that show how the warning was inadequate or insufficient." *Krulewich*, 498 F. Supp. 3d at 576 (citing *Reed v. Pfizer, Inc.*, 839 F. Supp. 2d 571, 575 (E.D.N.Y. 2012)).

Upon review, Homesite has failed to plausibly allege a failure to warn. Plaintiff's amended complaint is devoid of any allegations referring to the inadequacy or absence of warnings. As a result, plaintiff has not sufficiently alleged a failure to warn. *See Hunter*, 505 F. Supp. 3d at 156–57 (dismissing failure to warn theory of liability where the plaintiff failed to "allege any specific facts regarding what warnings, if any, *were* provided with the [product], and why such warnings were inadequate"). Thus, plaintiff's strict

products liability claim, to the extent it relies on a failure to warn, shall be dismissed.

## V. **CONCLUSION**

In sum, Homesite has failed to plausibly allege a strict products liability claim under any of the three available theories of liability. Consequently, dismissal of plaintiff's amended complaint is warranted. Nevertheless, plaintiff will be granted thirty days to amend. Generally speaking, an opportunity to amend should be granted absent a showing of, *inter alia*, bad faith or undue prejudice. *Foman v. Davis*, 371 U.S. 178, 182 (1962). It is not uncommon for removed state-court pleadings—which are often light on detail and phrased in conclusory terms—to fail to pass muster under Rule 12(b)(6). As relevant here, it is not clear that permitting amendment would be futile, and there is no indication that Lepower will suffer undue prejudice at this early stage of the litigation. As a result, an opportunity to amend will be granted.[3]

Therefore, it is

ORDERED that

---

[3] It is worth noting that Homesite's opposition to Lepower's motion to dismiss does not comply with Local Rule 7.1(b). If plaintiff seeks to amend its complaint and thereafter engages in motion practice, plaintiff is advised to adhere to this District's Local Rules regarding filing and responding to motion papers.

1. Defendant's motion to dismiss is GRANTED;

2. Plaintiff's amended complaint is DISMISSED with leave to amend;

3. Plaintiff shall have thirty days in which to file and serve an amended pleading that complies with the Federal Rules of Civil Procedure and this District's Local Rules; and

4. If plaintiff does not amend its pleading within this time period the Clerk of the Court shall close the file without further Order of this Court.

IT IS SO ORDERED.

Dated: February 8, 2024
  Utica, New York.

_____
David N. Hurd
U.S. District Judge