UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HOMESITE INSURANCE COMPANY
A/S/O ADAM LONG,

            Plaintiff,

       -v-                 6:23-CV-981

SHENZHEN LEPOWER
INTERNATIONAL ELECTRONICS
CO., LTD.,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                      OF COUNSEL:

METHFESSEL & WERBEL          FREDRIC P. GALLIN, ESQ.
Attorneys for Plaintiff
112 West 34th Street, 17th Floor
New York, NY 10120

HENG WANG & ASSOCIATES, P.C.   HENG WENG, ESQ.
Attorneys for Defendant
305 Broadway, 7th Floor
New York, NY 10007

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

**I. INTRODUCTION**

On August 11, 2023, Homesite Insurance Company ("Homesite" or "plaintiff") filed this action in Supreme Court, Oneida County, against Amazon.com, Inc. ("Amazon"). *See* Dkt. No. 2. Thereafter, Amazon removed the action to federal court pursuant to 28 U.S.C. § 1441(b), which authorizes removal of a civil action from state to federal court if diversity of citizenship exists. Dkt. No. 1.

On September 14, 2023, Homesite and Amazon filed a joint stipulation, agreeing to discontinue the claims against Amazon without prejudice and substitute Shenzhen Lepower International Electronics Co., Ltd. ("Lepower" or "defendant") as the party defendant. Dkt. No. 12. In accordance with the parties' joint stipulation, plaintiff filed an amended complaint reflecting the terms of the stipulation. Dkt. No. 13. On September 15, 2023, the parties' joint stipulation was adopted, and plaintiff's amended complaint was accepted. Dkt. Nos. 15, 16.

On November 13, 2023, Lepower moved under Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss Homesite's amended complaint in its entirety. Dkt. No. 19. In support of their motion, defendant argued that plaintiff failed to plausibly allege a strict products liability claim—plaintiff's

sole basis for liability against defendant. *See id.* The motion was granted on February 8, 2024. *Homesite Ins. Co. v. Shenzhen Lepower Int'l Elecs. Co.*, 2024 WL 532444 (N.D.N.Y. Feb. 8, 2024). However, plaintiff was given leave to amend its pleading to cure the defects. *Id.* at *3. On February 13, 2024, plaintiff filed a second amended complaint reasserting its strict products liability claim. Dkt. No. 23.

On February 27, 2024, Lepower moved under Rule 12(b)(6) to dismiss Homesite's second amended complaint. Dkt. No. 24. In defendant's view, plaintiff's second amended complaint fails to cure the defects identified in this Court's previous Order. *See id.* The motion has been fully briefed and will be considered on the basis of the submissions without oral argument.

## II.  BACKGROUND

Homesite is an insurance company. Compl. ¶ 1. Plaintiff insures property in Rome, New York (the "property") owned by Adam Long ("Long"). *Id.* ¶¶ 2–3. Long purchased a First Power replacement battery (the "battery") for use at the property. *Id.* ¶ 7. Lepower, a business entity based in Shenzhen, China, manufactured and/or distributed the battery. *Id.* ¶¶ 8–9.

On September 18, 2022, the battery caught fire at the property. Compl. ¶¶ 4, 10, 12. As a result of the fire, a claim was made to Homesite. *Id.* ¶ 5.

By virtue of payments made, plaintiff has become subrogated to the rights of its insured. *Id.* ¶ 6.

## III. **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the complaint's factual allegations must be enough to elevate the plaintiff's right to relief above the level of speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). So, while legal conclusions can provide a framework for the complaint, they must be supported with meaningful allegations of fact. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In short, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

To assess this plausibility requirement, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In doing so, the court generally confines itself to the facts alleged in the pleading, any documents attached to the complaint or incorporated into it by reference, and matters of which judicial notice may be taken. *Goel v.*

*Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (quoting *Concord Assocs., L.P. v. Ent. Props. Tr.*, 817 F.3d 46, 51 n.2 (2d Cir. 2016)).

## IV.  DISCUSSION

Homesite's second amended complaint sets forth one cause of action for strict products liability.  *See* Compl. ¶¶ 15–29.  Lepower seeks dismissal of plaintiff's strict products liability claim on the basis that plaintiff "has failed to proffer sufficient, non-conclusory facts" in support of its claim.  Def.'s Mem., Dkt. No. 24-1 at 12.[1]

Under New York law, a manufacturer who places into the stream of commerce a defective product that causes injury may be held strictly liable. *Reynolds-Sitzer v. EISAI, Inc.*, 586 F. Supp. 3d 123, 129 (N.D.N.Y. 2022) (citing *Scism v. Ethicon, Inc.*, 2020 WL 1245349, at *2 (N.D.N.Y. Mar. 16, 2020)).  There are three distinct theories of strict products liability that are recognized by New York law: (1) a manufacturing defect, which results when a mistake in manufacturing renders a product that is ordinarily safe dangerous so that it causes harm; (2) a design defect, which results when the product as designed is unreasonably dangerous for its intended use; and (3) a warning defect, which occurs when the inadequacy or failure to warn of a

---

[1]  Pagination corresponds to CM/ECF header.

reasonably foreseeable risk accompanying a product causes harm.  *Id.* (citing *McCarthy v. Olin Corp.*, 119 F.3d 148, 154–55 (2d Cir. 1997)).

Homesite's strict products liability claim is premised on a manufacturing defect.[2]  *See* Compl. ¶¶ 15–29.  To sufficiently allege a manufacturing defect, a plaintiff "must plead 'that a specific product unit was defective as a result of some mishap in the manufacturing process itself, improper workmanship, or because defective materials were used in construction, and that the defect was the cause of plaintiff's injury.'" *Krulewich v. Covidien, LP*, 498 F. Supp. 3d 566, 574 (S.D.N.Y. 2020) (quoting *Colon ex rel. Molina v. BIC USA, Inc.*, 199 F. Supp. 2d 53, 85 (S.D.N.Y. 2001)).  Therefore, a strict products liability claim based on a manufacturing defect will be dismissed if a plaintiff fails to allege that the specific product was defective as compared to other products in the same product line.  *Id.* (citation omitted); *Scism v. Ethicon, Inc.*, 2020 WL 1245349, at *4 (N.D.N.Y. Mar. 16, 2020) (citing *Oden v. Bos. Sci. Corp.*, 330 F. Supp. 3d 877, 890 (E.D.N.Y. 2018)).  However, identifying a specific manufacturing flaw is not always required.  *Hunter v. Shanghai Huangzhou Elec. Appliance Mfg. Co.*, 505 F. Supp. 3d 137, 154 (N.D.N.Y. 2020) (citation omitted).  In fact, a plaintiff "may rely on circumstantial evidence to support

---

[2] Homesite makes clear in its opposition to Lepower's motion that its strict products liability claim relies only on the manufacturing defect theory.  *See* Pl's Opp'n, Dkt. No. 25 at 4–9.

a manufacturing defect claim if the plaintiff can prove that the product did not perform as intended and excludes all other causes for the product's failure not attributable to the defendant." *Krulewich*, 498 F. Supp. 3d at 574 (citation omitted).

Upon review, Homesite has plausibly alleged a strict products liability claim based on a manufacturing defect. Plaintiff contends that the battery caught fire while in the ordinary and intended use of being charged. Compl. ¶¶ 10–12, 17. Moreover, plaintiff alleges that experts examined the scene of the fire and concluded that the fire originated at the battery and excluded all other possible sources of the fire. *Id.* ¶¶ 13–17. Thus, plaintiff asserts that the battery "deviated from the expected performance of like kind and quality Lepower replacement batteries," because "it is expected that similar Lepower units of like kind and quality would not catch fire in the ordinary use of being charged[.]" *Id.* ¶ 21.

Drawing all reasonable inferences in favor of Homesite, these allegations provide circumstantial evidence of a manufacturing defect. Indeed, plaintiff's allegations sufficiently suggest that the battery did not perform as intended and exclude all other causes for the battery's failure not attributable to Lepower. As a result, dismissal of plaintiff's strict products liability claim is

unwarranted at this time. Thus, defendant's motion to dismiss plaintiff's second amended complaint must be denied.

## V. **CONCLUSION**

In sum, Homesite has plausibly alleged a strict products liability claim based on a manufacturing defect. Accordingly, plaintiff's second amended complaint shall proceed to discovery.

Therefore, it is

ORDERED that

1. Defendant's motion to dismiss is DENIED; and

2. Defendant shall file an answer to the second amended complaint on or before April 17, 2024.

IT IS SO ORDERED.

Dated: April 3, 2024
       Utica, New York.

David N. Hurd
U.S. District Judge